Good morning. If it pleases the Court, my name is Michael Bigelow, and I represent Mr. Jefferson. In this matter, contrary to respondents' assertion at page 4 in her brief, a defendant does have an absolute right to present a defense. In this particular case, he presented or tried to present the defense of self-defense. The facts, I think, are fairly laid out in both of our briefs, and in the State Court of Opinion below. We disagree strenuously, obviously, with the Court of Appeals' opinion. Self-defense obtains when a defendant actually and reasonably believes in the need to defend. Isn't the law as to the self-defense in California a matter of California law? And something that I can't undo on appeal, even though we have ventured into that a time or two and then got beat over the head by our superiors? Yes. What the Ninth Circuit giveth, the Supreme Court taketh away. Yes. Well, we tried going into that a couple of times, and we've been told, get yourself out of what the California says their law is. At the time of this case, and I think that even under California law, it is a subjective belief on the part of the defendant. California has to decide that. What is my standard of review? Well, California has decided that it is a subjective belief. And it was this case that it was this case in which they made the determination that a person who hears voices is not operating under a standard of review. California can decide their law the way they want, and if they say it's not a problem, that's fine. What is my standard of review? What do I look at? You, you, you. All I can look at is whether there is a Federal constitutional norm that has been violated by what they did. Isn't that it? That's correct. And what is the Federal constitutional norm that I'm looking at here? Under due process, a defendant has a constitutional right as set forth by supreme united States supreme court cases to present a complete defense. That is the norm. Now, this Court must pay deference to California courts under EDPA, under 2254 or whatever it is, D. But the California courts operated outside of or decided this in contravention to established United States supreme court law. What established United States supreme court precedent am I applying? It seems to me I'm applying Brecht v. Abramson. Well, Brecht is the, Brecht is the prejudicial. Have a substantial and injurious effect or influence in determining the verdict. That's the only standard that I can find to apply here, counsel. What other standard would I apply? I'm not going to get into whether California did it right or wrong under their own  Well, except that California must afford a defendant under the Federal constitution the right to present a defense. He can't simply deny a defense to a defendant who is standing trial. That's the, I cite cases, I cite cases in my brief to that effect, that. What's your best case for what Federal constitutional law has been violated here? I mean, I tried to find a case in this particular situation where we're dealing with self-defense, we're not only dealing with that, but we're really dealing with what it is that we do in a circumstance such as this one where one is not arguing total self-defense. One is arguing that there's mental illness involved and how much the mental illness ought to be involved in the trial. And I guess I was trying to find the right case to go to. And the best I could come up with was Brecht. There really is, there really are no cases that speak specifically to this point. If there are no cases, then there's no established Supreme Court precedent upon which I can suggest they're wrong. Except that what the California court did is deny the opportunity to present a defense, period, end of discussion. They said you may not present a defense. Now, the particular defense that this defendant wanted to present didn't involve necessarily mental illness. It involved his subjective belief that he was under attack. Now, that's different than splitting hairs, but it is actually different than mental illness because mental illness is a broad scope that might not have, under these circumstances, affected his subjective belief. The court has to instruct. Well, counsel, I'm only trying to point you into the manner in which I think you might win this case. And, frankly, since we've been beat down in the last year by a nine-zip, on many habeas cases because there's no Supreme Court precedent which would allow us to reverse what the State court did and were to give deference, it seems to me that we need to come up with what real precedent we're trying to suggest was violated. I'm looking desperately through my brief for my case that says that I'm entitled to a defense. Well, you are entitled to a defense, but the defense that you're entitled to give, so the Supreme Court, well, California Court of Appeal really looked at, and they applied California law, which has the same kind of a theory, and they said, no problem. They did not apply California law. Counsel says, well, no defense is appropriate. But how do we get, if no defense is appropriate, how do we get to the point where the California court says, okay, you can present a partial defense. You can testify. You can testify to the defendant. You can testify that, yeah, you were hearing voices. Okay? You can testify that you have a mental condition. Okay? You can testify you were in a psychiatric ward. That's a partial defense. They acknowledge the presence of a partial defense. Again, they're applying their own law in making those decisions. What part of Federal law? Supreme Court case law says you're entitled to present a complete defense, a complete defense, not a partial defense, but a complete defense. And I can't find it in my brief, and I didn't make a note of it, but it is in my brief. Supreme Court precedent establishes that you're entitled to present a complete defense. A complete defense would have been to permit the experts to come in and say, yes, he is hearing voices, one. And, two, the effect of those voices is to cause him to subjectively believe he is under attack. Kennedy, would you suggest that the Brecht holding would not be enough for your client to win in this case? Does this decision have a substantial and injurious effect or influence determining the jury verdict? And I argue that it – I argue in my brief that it does. Brecht does hold that the failure to provide jury instructions or answer the jury's questions appropriately does – Well, we went to the – now we go to the jury instructions. Well, but I'm going to back that in, Your Honor, if I may. I'm going to back that in. Yes, the failure to present a complete defense. But isn't the proper jury instruction, again, a State law matter? Typically it is, but not always. And so there, California's interpretation of its own law is binding on us. So, therefore, what we have to find is something bigger than that. What we have to find is a United States Supreme Court opinion that says this is wrong. Well, the – the government was permitted in this particular case, the government was permitted to argue the absence. The jury was clearly confused.  I worry what the instruction is, that it would be especially hard for me to say that the ailing instruction by itself so infected the entire trial that the resulting conviction violated due process when he was found sane in that part of the proceeding. Sanity – sanity and defense, based on the subjective belief of the defendant, are two completely different standards. And in a defense by reason of insanity is – and the fact that he was not found to be insane by reason of insanity bears absolutely no resemblance or has no bearing, at least, on his subjective belief at the time of the attack. Thank you. Thank you, Your Honor. Your time has elapsed. Good morning. May it please the Court. My name is Tammy Krenze and I represent Ward and Kern. Respondent Kern – excuse me. Respondent Jefferson's or Appellant Jefferson's claims are based on the fact that he interprets the reasonable standard, personable standard for self-defense different than California. California interprets its own law. This Court is bound by that interpretation. And while it is true that he has the right to a complete defense, the Supreme Court has made it clear that that defense is also subject to the State's evidentiary rules. And here the State had made a determination that the reasonable person standard does not include mental illness and doesn't include unique characteristics. And even so, Jefferson in this case was allowed to present evidence regarding his subjective intent. The jury heard the evidence that he was hearing voices, he was incarcerated, he was in a psychiatric unit. He thought that the voices were telling him that he was in danger and that they were – and that they led him to assault the officer. So the jury did actually hear the evidence regarding the subjective intent, and then the reasonable person standard is what is at issue here. And again, California's law is absolutely binding in that regard. Scalia, don't you think 50 years is a bit much for just kicking somebody, albeit a police officer? That's a pretty stiff sentence for somebody who obviously has a mental issue. How do you square that? I know I'm from Brooklyn. We don't do things like that in Brooklyn, but in California probably we do. Well, Mr. Jefferson certainly makes the claim that criminal and unusual punish based on his mental illness and his three-strike sentence. And first of all, the United States Supreme Court has never said that a mentally ill person could not be subject to a three-strike sentence or any sentence for that matter. It's a difference between incompetency, and certainly incompetency has been a determination with a death penalty but not three-strike sentence. And furthermore, he, with the three-strike sentence, he had a history of violent crimes, and the Supreme Court has upheld the three-strikes law. And again, going back to the jury didn't determine in the he had a sanity phase, and the jury didn't determine that he was insane. So you're okay with 50 years for this guy? Assault him away, he had a bad hair day, he kicked a police officer, he goes to jail. That's what it's like, right? Well, it actually doesn't really matter what I'm okay with. The Supreme Court has upheld the three-strike sentence in far less severe offenses. And tomorrow I'm going back home to Brooklyn. And certainly when you look at his history, I mean, there's a relatively short period of time there were prior convictions for armed robberies as well as a murder conviction. So certainly the United States Supreme Court in Lockyer and in Ewing have upheld three-strike sentence in what seems to be more severe circumstances than this. Anything else, Counselor? I'm prepared to submit if there's no further questions. Thank you. Case 09-17278, Rhett Jefferson v. Kernan is submitted.
judges: Block, Noonan, Smith N. R.